**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

BRUCE LEE PARKER,

      Petitioner,                      Civil No. 2:12-CV-15338
                                        HONORABLE GERALD E. ROSEN
v.                                 CHIEF UNITED STATES DISTRICT JUDGE

DEBRA SCUTT,

      Respondent,

_____/

## OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS

Bruce Lee Parker, ("petitioner"), confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his 2006 conviction for uttering and publishing, M.C.L.A. 750.249. For the reasons stated below, the application for a writ of habeas corpus is **SUMMARILY DENIED WITH PREJUDICE.**

### I. Background

Petitioner pleaded guilty to uttering and publishing in the Kalamazoo County Circuit Court on January 19, 2006. On March 29, 2006, petitioner was sentenced to six months probation. Petitioner successfully completed the terms of his probation and was discharged from probation on March 9, 2007. [1]

Subsequent to his discharge from probation, petitioner was charged with armed

---

[1]   The Michigan Department of Corrections' Offender Tracking Information System (OTIS), which this Court can take judicial notice of, *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004), confirms that petitioner was discharged from this conviction on March 9, 2007.

robbery, first-degree home invasion, unlawful imprisonment, possession of a firearm in the commission of a felony [felony-firearm], conspiracy to commit first-degree home invasion, and being a second felony habitual offender.  Petitioner was convicted of these offenses in the Kalamazoo County Circuit Court and was sentenced to twenty one years, eleven months to fifty years on the armed robbery conviction, ten years, nine months to thirty years in prison on the home invasion and conspiracy convictions, seven years, three months to twenty two years, six months on the unlawful imprisonment conviction, and received a consecutive two year prison sentence on the felony-firearm conviction. [2]

In 2012, petitioner filed a post-conviction motion for relief from judgment in the state trial court, in which he challenged his uttering and publishing conviction.  The trial court denied the motion. *People v. Parker,* No. 2005-1069-FH (Kalamazoo County Circuit Court, May 22, 2012).  The Michigan appellate courts denied petitioner leave to appeal. *People v. Parker,* No. 310615 (Mich.Ct.App. August 3, 2012); *lv. den.* --- N.W.2d ----, 2012 WL 5589291 (Mich. November 20, 2012).

Petitioner seeks a writ of habeas corpus on the following grounds:

I.  Defendant contends that the numerous errors, omissions, and repeated failures by appointed trial counsel to provide adequate representation as required by the U.S. Const. Am. IV, rendered his representation ineffective, entitling the defendant to withdraw his guilty plea. *Strickland v. Washington,* 466 U.S. 668; 104 S. Ct. 20523; 80 L. Ed. 2d 674 (1984); *McMann v. Richardson,* 397 U.S. 759; 90 S. Ct. 1441; 25 L. Ed 2d 736 (1970).

II.  The complaint and warrant contain no affirmative allegation as to the source of the complaining officer's information and belief to support a felony complaint and warrant.  Nor is there any attached affidavit from a witness

---

[2]  Petitioner challenged these convictions in a separate habeas petition before Judge Patrick J. Duggan, which was denied on the merits. *See Parker v. Booker,* U.S.D.C. No. 2:11-CV-14197; 2012 WL 3150822 (E.D. Mich. August 02, 2012).

given under oath to support the complaining officer's issuance of a complaint and request for a warrant.

Petitioner may also possibly be bringing a third claim:

III.   The examination return, as required by M.C.L.A. 766.15(1); M.S.A. 28.933(1) is improper, resulting in a radical jurisdictional defect, denying subject matter jurisdiction to the trial court rendering the proceedings, plea and sentence unlawful, requiring reversal.

## II.  Discussion

The Court must dismiss the habeas petition because the Court lacks jurisdiction over the petition due to the fact that the petitioner is no longer in custody for his uttering and publishing conviction.

The language of §§ 2241(c)(3) and 2254(a) require that a habeas petitioner be "in custody" under the conviction or sentence under attack at the time that a habeas petition is filed in the federal court. *See Maleng v. Cook,* 490 U.S. 488, 490-91 (1989).  A habeas petitioner is no longer "in custody", for purposes of a conviction imposed, after the sentence on that conviction has fully expired. *Id.* at 492-93; *See also Clemons v. Mendez,* 121 F. Supp. 2d 1101, 1102 (E.D. Mich. 2000).  The "in custody" requirement is jurisdictional. *See Foster v. Booher,* 296 F. 3d 947, 949 (10th Cir. 2002).          Petitioner acknowledges that his sentence has expired on his uttering and publishing conviction but seeks to challenge it on the ground that this conviction has been used to enhance his sentence on his subsequent convictions.

In *Lackawanna County Dist. Attorney v. Coss,* 532 U.S. 394, 403-04 (2001), the Supreme Court held that once a state conviction is no longer open to direct or collateral attack in its own right because the petitioner failed to pursue those remedies while they were available (or because he or she did so unsuccessfully), the conviction may be

3

regarded as conclusively valid.  Therefore, if that conviction is later used to enhance a criminal sentence, a habeas petitioner generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained. *Id.* However, the Supreme Court recognized an exception to the general rule for § 2254 petitions for challenges to an enhanced sentence on the basis that the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel for the petitioner in violation of the Sixth Amendment as set forth in *Gideon v. Wainwright*, 372 U.S. 335 (1963).  *Id.* at 404.  The Supreme Court noted that the "'failure to appoint counsel for an indigent [is] a unique constitutional defect ... ris[ing] to the level of a jurisdictional defect,' which therefore warrants special treatment among alleged constitutional violations". *Lackawanna,* 532 U.S. at 404 (*quoting Custis v. United States,* 511 U.S. 485, 496 (1994)).  Therefore, when "an otherwise qualified § 2254 petitioner can demonstrate that his current sentence was enhanced on the basis of a prior conviction that was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, the current sentence cannot stand and habeas relief is appropriate." *Id.*

In the present case, petitioner does not allege that the Kalamazoo County Circuit Court failed to appoint counsel to represent him in his uttering and publishing case. Instead, petitioner acknowledges that counsel was appointed for him but claims that trial counsel was ineffective.  Although petitioner claims that his trial counsel was ineffective, this is not akin to the failure by the trial court to appoint counsel for petitioner.  Because petitioner was represented by counsel when he pleaded guilty to the uttering and publishing charge, his case does not fall within the exception espoused under *Lackawanna. See Kerr v. Hedrick,* 89 Fed. Appx. 962, 963 (6th Cir. 2004); *Ferqueron v. Straub,* 54 Fed. Appx. 188,

4

190 (6th Cir. 2002); *White v. Kapture,* 42 Fed. Appx. 672, 674 (6th Cir. 2002).

The Court recognizes that a three judge plurality in *Lackawanna* recognized there might be other exceptions to this rule, in situations where the subsequent federal habeas petition is "the first and only forum available for review of the prior conviction." *Lackawanna,* 532 U.S. at 405-06.  Specifically, the plurality acknowledged two exceptions: (1) where a state court, without justification, refuses to rule on a constitutional claim that has been properly presented; and (2) where a defendant subsequently obtains "compelling evidence that he is actually innocent." *Id.*

In the present case, petitioner has failed to show that the state courts refused to rule on constitutional claims that he had properly presented to them for review nor has petitioner presented this Court with compelling evidence that he is actually innocent of the uttering and publishing conviction that he pleaded guilty to.  In any event, petitioner had an available forum for review of his uttering and publishing conviction, in that he sought post-conviction relief in the state courts.  Accordingly, this second *Lackawanna* exception does not apply. *Kerr,* 89 Fed. Appx. at 963; *Ferqueron,* 54 Fed. Appx. at 190; *White,* 42 Fed. Appx. at 674.

Petitioner is no longer serving a sentence for the offense of uttering and publishing. Because the petitioner's sentence has expired on this conviction, he is no longer in custody on this conviction, and, therefore, this Court lacks subject matter jurisdiction over his habeas petition with respect to this conviction. *See Steverson v. Summers*, 258 F. 3d 520, 523 (6th Cir. 2001).

### III.  Conclusion

The Court will summarily deny the petition for writ of habeas corpus.  The Court will

5

also deny a certificate of appealability to petitioner.  In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further.  In such a circumstance, no appeal would be warranted. *Id.*  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *See also Strayhorn v. Booker,* 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

The court will deny the petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether this Court was correct in determining that the petitioner failed to meet the "in custody' requirement for maintaining a habeas action with respect to this conviction.  *See e.g. Finkelstein v. Spitzer,* 155 F. 3d 131, 133 (2nd Cir. 2006).  The Court will also deny the petitioner leave to appeal *in forma pauperis*, because any appeal would be frivolous. *Dell v. Straub,* 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002).

## IV. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas

6

corpus is **SUMMARILY DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that leave to appeal *in forma pauperis* is **DENIED**.


s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  December 17, 2012

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 17, 2012, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager

7